IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LANCE PHILLIPS and
SHAILYN PHILLIPS                                                                    PLAINTIFFS

V.                                                         CAUSE NO.: 3:13CV272-SA-JMV

TROY INDUSTRIES, INC., and
XYZ CORPORATIONS 1-5                                                                DEFENDANTS

ORDER ON MOTION TO STRIKE

Defendant Troy Industries seeks to strike certain opinions espoused by Sonya Miles, a treating Ophthalmologist, in her deposition, and limit her proposed trial testimony on those grounds. Defendant contends Dr. Miles in her deposition stated certain opinions that were outside the medical records and were not set forth in a signed expert report. Specifically, Dr. Miles testified that Phillips' traumatic injury would place him at a higher incidence of developing a cataract at a younger age.

Local Uniform Civil Rule 26(a)(2)(D) governs the expert designations of a treating physician. That Rule provides that

> [a] party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but are expected to be called to offer expert opinions at trial. No written report is required from such witnesses, but the party must disclose the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703 or 705, and a summary of the facts *and opinions* to which the witness is expected to testify. The party must also supplement initial disclosures.

L.U.Civ.R. 26(a)(2)(D)(emphasis added).

Here, Dr. Miles' designation included the provision that she is "expected to testify as to the permanent nature of the injuries sustained by [Phillips] as a result of this accident; future

medical expenses and treatment which are reasonably expected to occur in the future, and disability rating."

In contemplation of the Local Rules and looking to other district court opinions governing treating physician expert designations, the Court agrees that Sonya Miles' opinions as stated regarding Lance Phillips' likelihood of developing traumatic cataracts to be outside the scope of her designation.  While Plaintiffs did note that she was expected to testify regarding future medical treatment, they did not include any specific opinion regarding what that future treatment would be and the likelihood thereof.  See  Duke v. Lowe's Homes Ctrs., Inc., 2007 U.S. Dist. LEXIS 80415, 3-4 (N.D. Miss. Oct. 19, 2007) (limiting treating physician testimony to that which was contained in medical records where proposed testimony suggested diagnosis of carpal tunnel syndrome and chest pain resulting from accident was not included in the medical records and the designation only indicated that treating physician would testify as to treatment and the reasonable costs thereof).  Indeed, had Plaintiffs specifically indicated that Miles would testify regarding Lance Phillips' increased chance of prematurely developing cataracts due to a traumatic eye injury in the designation or supplementation, the result would likely be different. Cuevas v. T&J's Last Minute Seafood Express, Inc., 2011 U.S. Dist. LEXIS 51745, 9-11 (S.D. Miss. May 13, 2011) (in accordance with Local Rule 26(a)(2)(D), treating physician permitted to offer opinion on causation where such opinion was contained in designation, though not in medical records).

The portion of Dr. Sonya Miles' deposition from page 17, line 19 through page 19, line 1, and page 38, line 16 through page 39, line 12, is hereby stricken, and her trial testimony is also limited accordingly. Defendant's Motion to Strike [53] is GRANTED.

SO ORDERED, this the 30th day of October, 2014.

                                                **/s/ Sharion Aycock**
                                                **U.S. DISTRICT JUDGE**