IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LANCE PHILLIPS and
SHAILYN PHILLIPS                                                                                PLAINTIFFS

V.                                                                    CAUSE NO.: 3:13CV272-SA-JMV

TROY INDUSTRIES, INC., and
XYZ CORPORATIONS 1-5                                                                          DEFENDANTS

ORDER ON MOTIONS

Defendant Troy Industries, Inc., has filed three motions in limine seeking a ruling on the admissibility of certain evidence prior to trial. After reviewing the motions, responses, rules, and authorities, the Court finds as follows:

1. **Defendant's First Motion in Limine [77]**

Defendant seeks to prohibit Plaintiffs or their attorneys, witnesses or experts from mentioning or offering any evidence relating to a restraining order filed against Gary Morin in 1992 or 1993. Plaintiffs failed to respond to this motion.

The Court finds that the motion is well-taken and shall be GRANTED, not only because Plaintiff failed to object to its exclusion, but also because the probative value of this evidence is substantially outweighed by the danger of unfair prejudice. FED. R. EVID. 403.

2. **Defendant's Second Motion in Limine [79]**

Troy next seeks to exclude any evidence of any subsequent remedial measures undertaken by that defendant after the alleged incident. Troy admits that upon notification of Lance Phillips' injuries, it changed its instructions and warning labels that accompany its products at the point of sale. In particular, Troy changed its packaging, which stated, "Warning, observe safe firearm handling practices at all times. Make sure the firearm is unloaded and safety is engaged before starting installation," to the following:

1

> Warning, observe safe firearm handling practices and wear safety goggles at all times. Make sure that the firearm is unloaded and the safety is engaged before starting installation.

Troy contends that pursuant to Federal Rule of Evidence 407, this evidence is not admissible.

Federal Rule of Evidence 407 provides that

> [w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning of instruction.

However, that Rule also provides some exceptions under which the evidence of a subsequent remedial measure would be admissible, namely, impeachment, "or – if disputed – proving ownership, control, or the feasibility of precautionary measures." FED. R. EVID. 407. Plaintiffs contend that two exceptions apply in this instance, impeachment and proving the feasibility of the precautionary measures. Defendant argues that the feasibility of the further warnings is not disputed, and therefore, evidence that Troy later provided additional warnings is not relevant.

Plaintiff cites the deposition testimony given by Lisa Blanchard, Gary Morin, Dave Hughes, and Charles Yow to show a dispute as to the feasibility of providing the further warnings and the impeachment value of the subsequent remedial measure. A review of the cited portions reveals no dispute as to the feasibility of providing the subsequent warnings. Indeed, Plaintiffs' own summary suggests that the cited testimony shows that the witnesses believed the original warnings to be enough and that no other warnings were needed, not that further warnings were not feasible. See Mills v. Beech Arircraft Corp., 886 F.2d 758, 764 (5th Cir. 1989) (affirming trial court's exclusion of a modified instruction manual as an inadmissible subsequent remedial measure where defendants did not contest the feasibility of a better installation instruction, but rather maintained that the instructions in the original manual were

2

acceptable). Accordingly, introduction of the subsequent remedial measure for purposes of showing feasibility is not appropriate.

The impeachment value of the subsequent remedial measures is not readily apparent prior to trial. If Plaintiffs wish to use the subsequent remedial measures for impeachment purposes during the trial, Plaintiffs are directed that a request under Rule 407 may be made outside the presence of the jury. Therefore, the Defendant's Second Motion in Limine is GRANTED IN PART and DENIED IN PART.

3. **Defendant's Third Motion in Limine [81]**

Troy seeks to prohibit Lance Phillips from offering evidence regarding his recollection of conversations with Dr. Dax Eckard concerning his injured eye and whether he is "legally blind." Phillips testified that Dr. Eckard told him that he was considered legally blind in his right eye. Defendant submits that contention is inadmissible hearsay that falls outside any exception.

Federal Rule of Evidence 801(c) defines hearsay as a statement that "the declarant does not make while testifying at the current trial or hearing; and [] a party offers in evidence to prove the truth of the matter asserted in the statement." Plaintiffs argue that such statement would not be offered to prove the truth of the matter asserted in the statement, i.e., that he is legally blind in one eye, but as evidence of which he has personal knowledge. Moreover, Plaintiffs assert that the statement falls within a hearsay exception as a statement made for medical diagnosis or treatment. See FED. R. EVID. 803(4).

Federal Rule of Evidence 803 excludes from the rule against hearsay statements that are made for medical diagnosis and treatment and "describes medical history; past or present symptoms or sensations, their inception, or their general cause." FED. R. EVID. 803(4). Other Circuits have held that Rule 803(4) does not, however, cover statements by a doctor or other medical personnel to the patient. Field v. Trigg Cnty. Hosp., Inc., 386 F.3d 729, 736 (6th Cir.

2004) ("[T]he hearsay exception set forth in Fed. R. Evid. 803(4) applies only to statements made by the one actually seeking or receiving medical treatment."); Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 564 (7th Cir. 1996) ("Rule 803(4) does not purport to except, nor can it reasonably be interpreted as excepting, statements by the person providing the medical attention to the patient.")(citing Gong v. Hirsch, 913 F.2d 1269, 1273-74 & n.5 (7th Cir. 1990)); Bulthuis v. Rexall Corp., 789 F.2d 1315, 1316 (9th Cir. 1985) ("Rule 803(4) applies only to statements made by the patient to the doctor, not the reverse).

The rationale behind the exception that statements made for medical diagnosis or treatment is the enhanced reliability of the statements because the declarant has a strong motive to tell the truth in order to receive proper care. See White v. Illinois, 502 U.S. 346, 355-56, 112 S. Ct. 736, 116 L. Ed. 2d 848 (1992); Gray v. Energy XXI Gom LLC, 2013 U.S. Dist. Lexis 109459 (M.D. La. Aug. 5, 2013) (noting that pursuant to the Sixth, Seventh, Eighth, and Ninth Circuits, Federal Rule of Evidence 803(4) limits the admission of statements made for the purposes of medical diagnoses or treatment to statements made by the person seeking medical treatment or care). Expanding the exception to cover communications from medical professionals to patients would not serve this underlying purpose.

Accordingly, the Court finds Rule 803(4) to be inapplicable. Lance Phillips' recitation of the statement allegedly made by Dr. Dax Eckard that Phillips is legally blind is inadmissible. The Defendant's Third Motion in Limine is GRANTED.

SO ORDERED, this the 23rd day of March, 2015.

                                               **/s/ Sharion Aycock**
                                               **U.S. DISTRICT JUDGE**