IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LANCE PHILLIPS and
SHAILYN PHILLIPS                                                                    PLAINTIFFS

V.                                                            CAUSE NO.: 3:13CV272-SA-JMV

TROY INDUSTRIES, INC., and
XYZ CORPORATIONS 1-5                                                               DEFENDANTS

ORDER ON MOTION

Troy Industries, Inc., has filed a Motion in Limine [116] requesting pretrial determination of four evidentiary issues that were presented in the first trial of this matter. The Plaintiff has responded, and the Court finds as follows:

First, Troy seeks to prohibit Lance Phillips's testimony regarding what the hospital personnel understood or thought of his explanation of what happened to his eye. Plaintiff maintains that the testimony is admissible as a present sense impression or a statement made for medical diagnosis. The particular testimony objected to is cited below:

> Q. Tell us about checking in [to the hospital], please.
>
> A. When I went to check in, it was -- she was a real sweet lady. She was a -- she was a nice lady, but in the midst of all of this commotion and the hurt -- it was really, really painful, and you don't realize how sensitive your eye is until something like this happens, but I was hurting.
>
> And I go up to the window, and looking back at it, I bet it -- I bet it was like I was speaking Spanish, because when I went up to the window, I told the lady my name, my number, and I -- she had asked me what happened.
>
> I said, "A spring out of a magazine hit me in the eye." And it was like -- you know, she turned her head. "What?" And I said, "It was -- a spring out of a magazine had flown out and hit me in the eye." And she -- you know, I don't know exactly what she said, but it was along the lines of, "Honey, what are you -- what -- I don't understand."

> And I said, "Ma'am, a toy hit me -- a toy spring hit me in the eye." And she said, "Oh, okay." She writes – she checks me in, and I go immediately sit down. Me and my wife are sitting down.
>
> So the lady had a lot of trouble understanding, and it was because, like I said, I probably sounded like I was speaking Spanish, because I'm sure she was thinking I was talking about a magazine you would read or something like that. But we got sat down, and we didn't have to wait a long time at all once we got sat down.

Defendant seeks to exclude testimony "as to what the hospital personnel understood or what they thought regarding his statements." As such, no "statements" by the hospital personnel are challenged, just the Plaintiff's explanation of what those persons must have been thinking. Federal Rule of Evidence 602 allows a witness to testify to matters of which he has personal knowledge. The testimony as developed in the earlier trial did not lay a foundation that Phillips had personal knowledge about the hospital employee's thoughts. Accordingly, those comments and testimony as to what the hospital personnel must have thought regarding Phillips' explanation are too speculative to be admissible. Therefore, testimony from Lance Phillips regarding what the hospital personnel thought or understood regarding his explanation of his injury, as laid out above, is inadmissible.

Second, Troy hopes to prohibit Phillips from testifying regarding his visual acuity as inappropriate for lay testimony. Lay witness opinion testimony, however, is admissible if it is "rationally based on the witness's perception." FED. R. EVID. 701(a). Because Phillips's sight and visual acuity is a fact in issue in this case, his testimony is admissible, even though expert testimony may also be offered on the same subject.

Third, Troy seeks an order prohibiting Lance Phillips from testifying as to his physical inability to wear a regular contact lens. In particular, his testimony at trial involved his explanation that a contact lens needs suction, and because his eyeball was no longer smooth, a regular contact lens would not fit. Troy persists that any information Phillips has with regard to

fitting contacts and the contour of his injured eye he received from medical providers and are inadmissible hearsay. Plaintiff contends that lay witness opinion testimony is appropriate here.

Rule 701, aside from limiting lay opinion testimony to those matters on which the witness has personal knowledge, requires that opinions by non-expert witnesses not be "based on scientific, technical, or other specialized knowledge . . . ." Plaintiff's earlier testimony fails to indicate the basis for his statements regarding the contour of his eye and his explanation about the necessity of suction for contact wear. Logically, the Court would consider the topography of the Plaintiff's eye as well as the requirements for contact comfiture to be scientific, technical, or specialized knowledge. However, the Plaintiff may be able to lay a better foundation at trial. Therefore, this request for exclusion can be revisited at trial.

Fourth, Troy seeks a prohibition against Plaintiff referencing a telephone conversation with Allison Raynelli, a customer service representative at Troy. In that conversation, Raynelli allegedly told Phillips that Troy's legal department determined that he was not at fault in the accident. At trial, an objection was made to this testimony, and the Court sustained the objection. Defendant asks that this "inadmissible hearsay testimony" be prohibited from the retrial of this matter. In response, Plaintiff contends that as Raynelli is an employee of Troy, the defendant here, the statement is an admission by a party opponent, therefore, not hearsay.

Rule 801(d)(2) excludes from the definition of "hearsay" any statement that is offered against an opposing party and:

    a. was made by the party in an individual or representative capacity;

    b. is one the party manifested that it adopted or believed to be true;

    c. was made by a person whom the party authorized to make a statement on the subject;

    d. was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or

  e. was made by the party's coconspirator during and in furtherance of the conspiracy.

As there are questions of fact as to several of these prongs, the Court finds that the resolution of this issue may be more appropriate for trial. Therefore, the request is denied, but may be re-urged outside the presence of the jury during the retrial of this matter.

  Accordingly, Defendant's Motion in Limine [116] is GRANTED IN PART and DENIED IN PART.

  SO ORDERED, this the 3rd day of August, 2015.

            /s/ Sharion Aycock
            **U.S. DISTRICT JUDGE**